**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EMILY HOFFMAN and
SCOTT VADEN,

                Plaintiffs,

vs.                                                      Case No. 3:15-cv-29-J-34MCR

R.F. GROUP, d/b/a McGowan's HVAC;
CERIDIAN BENEFITS SERVICES; and
RICHARD MULVEY,

                Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 26; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on May 21, 2015. In the Report, Magistrate Judge Richardson recommends that Defendant, R.F. Group d/b/a McGowan's HVAC's Motion to Dismiss Plaintiffs' Complaint (Doc. 10; McGowan Motion) be denied. In addition, the Magistrate Judge recommends that Defendant Ceridian Benefits Services Inc.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 12; Ceridian Motion) and Defendant, Richard Mulvey's, Motion to Dismiss, and Incorporated Memorandum of Law (Doc. 14; Mulvey Motion) be granted, in part, and denied, in part. See Report at 1. With respect to these Motions, Magistrate Judge Richardson recommends that the Court dismiss Defendants Ceridian and Mulvey from the case without prejudice, and allow Plaintiffs the opportunity to file a motion for leave to amend the Complaint. Id. at 21. Last, Judge Richardson recommends that the Court strike the

proposed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. 21; Consent Form), filed on April 23, 2015, as it is signed by Plaintiffs only. Id.[1] Although given adequate time to do so, the parties have not filed any objections to the Report. Thus, this matter is ripe for review.

## I.   Background & Standard of Review

On January 13, 2015, Plaintiffs Emily Hoffman and Scott Vaden initiated this action pro se by filing a four-count Complaint (Doc. 1) against Defendants R.F. Group, d/b/a McGowan's HVAC (McGowan), Ceridian Benefits Services (Ceridian), and Richard Mulvey. In the Complaint, Hoffman and Vaden allege that McGowan violated various provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., including a failure to provide them with the notices required by the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), and the American Recovery and Reinvestment Act of 2009 (ARRA). See Complaint at 1-2. Because the Magistrate Judge summarizes the allegations of the Complaint in his Report, the Court will not repeat the factual background of this case here. See Report at 1-4.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a

---

[1] The Consent Form indicates that Plaintiffs consent to proceed before a United States Magistrate Judge for all further proceedings. See Consent Form at 1. However, in order for the parties to proceed in this manner, all parties must sign the Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form. This form may be found on the Court's website at www.flmd.uscourts.gov under Forms, Policies, and Publications - Civil, "Consent to Magistrate Judge Jurisdiction Form." As this Consent Form is not signed by all parties, the Court will strike it from the record as recommended by Magistrate Judge Richardson.

de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review the legal conclusions in the report de novo.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

## II.   McGowan Motion

In the McGowan Motion, McGowan asserts that the Complaint should be dismissed for failure to state a claim upon which relief can be granted. See McGowan Motion at 7. Specifically, McGowan argues that it provided Hoffman and Vaden with sufficient notice of their rights under COBRA.  See id. at 7.  In support of this contention, McGowan attaches several documents to its Motion.  See id., Exs. A-C.  Specifically, Exhibit B to the McGowan Motion is a chain of emails that Hoffman and Vaden also attached to the Complaint. Compare Complaint, Ex. C with McGowan Motion, Ex. B.  However, Exhibits A and C of the McGowan Motion are letters that were not part of the Complaint, and therefore constitute evidence outside the four corners of the Complaint.  Such extrinsic evidence is not properly considered on a motion to dismiss.  See Fuller v. SunTrust Banks, Inc., 744 F.3d 685, 695-96 (11th Cir. 2014) ("In general, we 'do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss [under Rule 12(b)(6)].'" (alteration in original) (quoting Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007))).  On May 5, 2015, Hoffman and Vaden filed Plaintiffs' Response to Defendant R.F. Group d/b/a McGowan's HVAC's Motion to Dismiss Plaintiffs' Complaint (Doc. 22; Response to McGowan Motion).  In the Response to McGowan Motion,

Hoffman and Vaden discuss these extrinsic documents, but do not assert that the Court should exclude the additional evidence. See Response to McGowan Motion at 4. Indeed, Hoffman and Vaden appear to misunderstand the appropriate standard for a motion to dismiss brought pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), in that they repeatedly assert that McGowan failed to provide sufficient evidence in support of its arguments.[2] See id. at 4, 7-9.

In the Report, the Magistrate Judge acknowledges that McGowan submits matters outside the pleadings. See Report at 7. As such, the Magistrate Judge determines that, pursuant to Rule 12(d), "the Court will treat [McGowan's] Motion to Dismiss as one for summary judgment under Fed.R.Civ.P. 56." See Report at 7. Magistrate Judge Richardson is correct that a court may convert a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment in order to properly consider matters outside the pleadings. See Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga., 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). However,

> [t]he cases from [the Eleventh Circuit] are clear that before a motion to dismiss may be converted to one for summary judgment the court must first communicate its intention to the parties to so treat the motion and then allow the parties ten days to submit any relevant evidence and argument in support or opposition to the merits.

Marine Coatings of Ala., Inc. v. United States, 792 F.2d 1565, 1568 (11th Cir. 1986); see also Rule 12(d) ("All parties must be given a reasonable opportunity to present all

---

[2] Hoffman and Vaden's insufficient evidence arguments are inapposite because, in ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). The Court's task is only to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

material that is pertinent to the motion."). Upon review of the record in this case, it appears that the Magistrate Judge did not provide the parties with the requisite notice.[3] For this reason, the Court cannot adopt the Magistrate Judge's analysis.

Nonetheless, the Court does not find it necessary to recommit this matter to the Magistrate Judge. "Although this notice requirement is a 'brightline test,' litigants may waive the notice, or the court can take ex post facto measures to cleanse the error." See Marine Coatings of Ala, Inc., 792 F.2d at 1568 (internal citations omitted). In addition, the Eleventh Circuit recognizes that "when the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given, failure to notify may be harmless error." Id. Here, although the lack of notice deprived Hoffman and Vaden of the opportunity to present any rebuttal evidence, the Magistrate Judge nevertheless recommends denial of the McGowan Motion. See generally Response to McGowan Motion; Report at 20. In addition, both parties had the opportunity to file objections to the Report in which they could have objected to the failure to provide notice or requested the opportunity to submit additional evidence, yet neither party did so. Thus, in light of the recommended denial and the absence of objections, it appears that the lack of notice here was harmless.[4] Accordingly, the Court will

---

[3] Of equal concern is the failure to give the non-moving parties notice of the summary judgment rules and of their right to file affidavits and materials in opposition to the motion. It has long been the practice of this Court to give such notice, consistent with Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) and Johnson v. Unique Vacations, Inc., 498 F. App'x 892, 894 (11th Cir. 2012), in all cases before ruling on a motion for summary judgment.

[4] The Court observes that the notice requirement is also necessary to prevent prejudice to the moving party. The failure of the Magistrate Judge to notify McGowan of his intention to treat the Motion to Dismiss as a motion for summary judgment potentially harms McGowan in that litigants are generally not permitted to bring multiple, piecemeal motions for summary judgment. See, e.g., Essex Ins. Co. v. Foley, 827 F. Supp. 2d 1326,
(continued...)

not recommit this matter to the Magistrate Judge for further consideration after proper notice to the parties. Instead, in the absence of any objections from the parties, the Court agrees that the McGowan Motion is due to be denied and will adopt only the recommended resolution of the McGowan Motion.

### III.     Mulvey and Ceridian Motions

Defendants Richard Mulvey (Mulvey) and Ceridian Benefits Services (Ceridian) both request dismissal from this action because, aside from their names in the caption, the Complaint does not contain any reference to either Defendant. See Mulvey Motion at 2-3; Ceridian Motion at 2-3. Hoffman and Vaden concede that they did not include any allegations against Mulvey or Ceridian in the body of the Complaint, but assert that, at the time Hoffman and Vaden filed the Complaint, they did not have legal counsel. See Response to Mulvey at 2; Response to Ceridian at 2. Hoffman and Vaden are now represented by counsel and "contend that a dismissal without prejudice is the appropriate remedy so that Plaintiffs' complaint can be amended to cure" the alleged defects. See Response to Mulvey at 2; see also Response to Ceridian at 2. The Magistrate Judge agrees and recommends that the Court dismiss Mulvey and Ceridian from this action without

---

⁴(...continued)
1329 n.2 (S.D. Ala. Oct. 31, 2011); Allstate Fin. Corp. v. Zimmerman, 296 F.2d 797, 799 (5th Cir. 1961) ("While we certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised, we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature."). As such, McGowan could suffer prejudice from the lack of notice if it has now lost the opportunity to submit a more complete Rule 56 motion following the close of discovery. Notably, according to the Case Management and Scheduling Order (Doc. 35), the parties have until March 25, 2016, to conduct discovery, and until April 29, 2016, to file dispositive motions. Thus, to prevent any potential prejudice to McGowan from the lack of notice, the Court will permit McGowan to file a successive motion for summary judgment after the parties have had an adequate opportunity to complete discovery in this case.

prejudice and allow Hoffman and Vaden the opportunity to file a motion for leave to amend the Complaint.  See Report at 19-20.  Mulvey and Ceridian did not object to this recommendation.  Accordingly, upon independent review and for the reasons stated in the Report, the Court will adopt the Magistrate Judge's recommendation as to the Mulvey Motion and Ceridian Motion.  In light of the foregoing, it is

**ORDERED:**

1. The **resolution** recommended in the Report and Recommendation (Doc. 26) is **adopted** as set forth below, but the Court **declines** to adopt the **analysis** to the extent set forth above.

2. Defendant, R.F. Group d/b/a McGowan's HVAC's Motion to Dismiss Plaintiffs' Complaint (Doc. 10), construed as a motion for summary judgment, is **DENIED**.

3. Defendant Ceridian Benefits Services Inc.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 12) and Defendant, Richard Mulvey's, Motion to Dismiss, and Incorporated Memorandum of Law (Doc. 14) are **GRANTED, in part, and DENIED, in part**.

    A. The Motions are **GRANTED** to the extent the claims against Defendants Ceridian Benefits Services Inc. and Richard Mulvey are **DISMISSED without prejudice.**

    B. In all other respects, the Motions are **DENIED.**

4. Plaintiffs shall have up to and including **July 31, 2015**, to file an appropriate motion for leave to amend the Complaint.

5. The proposed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. 21) is **STRICKEN**.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2015.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record